## G. W. TELFORD v. J. D. COX.

LEVY OF EXECUTION. *Personalty. Released by injunction.* The levy of an execution on personalty is released by an injunction from the chancery court, either at the instance of the debtor, or of a third person.

### FROM WASHINGTON.

Appeal in error from the Circuit Court of Washington county. NEWTON HACKER, J.

H. H. INGERSOLL for Telford.

I. E. REEVES and S. J. KIRKPATRICK for Cox.

COOPER, J., delivered the opinion of the court.

Cox recovered a judgment before a magistrate against G. W. Telford and D. K. Self, which was stayed by E. H. West. Execution issued thereon, upon which

Telford *v.* Cox.

the sheriff made return that he had levied on certain personal property described, without stating whose property, and that a sale was prevented by the service of an injunction on him, forbidding the sale, issued from the chancery court at Jonesboro, in the case of *D. K. Self* v. *Telford Manufacturing Company et al.* An *alias* execution issued, which was returned by order of the plaintiff. A *pluries* execution was levied by the sheriff on land as the property of Telford. The papers were thereupon returned to the circuit court for the condemnation of the land, and a judgment of condemnation was rendered. Afterwards, at the same term, Telford moved the court to set aside the judgment, and refuse to condemn the land, because the return on the original execution showed a satisfaction by the levy on sufficient personalty, and therefore the *pluries fi. fa.* was improperly issued. The court overruled the motion, and Telford appealed.

Treating the levy as being on the property of Telford, which the appellant's argument assumes, it does not follow that it was a satisfaction of the execution. For neither its value nor the extent of Telford's interest therein appears (*Fuller* v. *Watkins*, 11 Heis., 489), and it does appear that the sale was enjoined by a bill in chancery. If the bill be filed by the debtor himself, it seems to be conceded by our cases that the injunction would operate like a *supersedeas,* and release the levy: *Overton* v. *Perkins,* M. & Y., 367; *Reece* v. *Parczyck,* 9 Lea, 328, 333; *McCamy* v. *Lawson,* 3 Head, 256. The reason is that it would ruin both debtor and creditor if the

sheriff should be required to hold the goods to the termination of an injunction bill in chancery. The same reason, it is obvious, would equally apply if the injunction be sued out at the instance of a third person. And our cases so hold in effect: *Murphy* v. *Partee*, 7 Baxt., 373, which virtually overrules *Hume* v. *Hough*, 5 Heis., 708. And see *Tucker* v. *Pruett*, 4 Yer., 553. The levy is annulled by the mandate of the law: *Fry* v. *Manlove*, 1 Baxt., 256. Of course, if the levy was on the property of Self, the injunction would operate a release, and the appellant could not claim a satisfaction of the judgment.

Affirm the judgment.